FRY *v.* STATE.

(*Nashville.* March 17, 1896.)

EVIDENCE. *Of general reputation.*

Where a defendant in a criminal case has testified in his own behalf, and evidence has been introduced both attacking and sustaining him upon his general reputation at his place of residence in this State for six years last past, it is an erroneous exercise of discretion for the Court to exclude sustaining evidence, offered in his behalf, of a good general reputation at the place of his former residence in another and distant State, covering a period ending six or seven years before the trial.

Case cited and distinguished: Crowder *v.* State, 8 Lea, 669.

FROM WARREN.

Appeal from Circuit Court of Warren County. M. D. SMALLMAN, J.

Attorney-general PICKLE for State.

LIND & WILLIS, FAIRBANKS & O'NEAL for Fry.

McALISTER, J. The plaintiff in error was convicted in the Circuit Court of Warren County of the crime of arson, and sentenced to confinement in the State prison for a term of five years. On the trial below, the defendant became a witness in his

own behalf, and thus put his character in issue be-
fore the jury. The defendant, it appeared, had
resided in Warren County for about six years pre-
ceding the trial, and witnesses were introduced by
him in support of his character, while others, intro-
duced by the State, impeached it. The defendant,
prior to his removal to Warren County, in this State,
had resided for many years in the State of Wis-
consin. In support of his character defendant offered
in evidence the depositions of nine witnesses who
had known him in Wisconsin. Counsel for the State
objected to the introduction of these depositions
"upon the ground that the witnesses lived in the
State of Wisconsin, and the testimony related to the
character of defendant in a foreign State, six or
seven years before the time defendant gave his tes-
timony." The objection was sustained by the Court,
to which defendant's counsel excepted. The witnesses
whose depositions were excluded, were former neigh-
bors of the defendant, some of whom had lived on
adjoining farms and had known him for fifteen or
sixteen years. They testified that, while they knew
nothing of his character since his removal from that
State, it was good while he lived there, and they
would give him full faith and credit on his oath.
The question thus presented for decision, is one of
first impression in this State, so far as we are ad-
vised from any reported case. The case of *Crowder*
v. *The State*, 8 Lea, is not an adjudication of this
question. The question there presented was in re-

spect of the character of the prosecutor, who had testified as a witness. All that was said on the subject is comprised in the following paragraphs, to wit: "The State, by several witnesses, sustained the general character of the prosecutor. Two of the witnesses said his character was good for the last eight or ten years. The defendant then proffered to ask the witness as to his character previous to that time, but the Court sustained the objection of the Attorney-general to the question. This, said the Court, was not reversible error; the question was the character of the prosecutor at the time he testified. If the witnesses knew his character previous to the time fixed by them, their answers, in the form given, were almost equivalent to saying that previous to that time it was at least not free from doubt, so that, in effect, the defendant had the benefit of his proffered question." It will be observed, the Court in that case remarked, that the character of the prosecutor, at the time he testified, was the issue, and for the purpose of reflecting light upon that issue, the State was permitted to prove that his character had been good for the last eight or ten years. The defendant was not permitted to inquire in respect to the character of the witness prior to that period. This Court did not think this reversible error, since the answers of the witnesses implied that, prior to that time, the prosecutor's character had not been free from doubt, and thus the defendant had the benefit of his question.

In the Am. & Eng. Enc. L., Vol. 29, page 802, it is said, viz.: "It is also true that the material object of inquiry is the character of the witness at the time when he testifies; but if some latitude were not allowed in this regard, it would, in many cases, be impossible to impeach the most corrupt witness, or to sustain the most truthful one. The principle that the existence of a state of things once established by proof is presumed to continue the same until the contrary is shown, is applicable, within reasonable limits, to the character of a witness proved to have once sustained a bad reputation for truth and veracity. It is, therefore, competent to impeach a witness by proof of his reputation in a neighborhood where he formerly resided, if the evidence be not too remote in point of time." *Stratton* v. *State*, 45 Ind., 468; *Walker* v. *State*, 6 Blackf. (Ind.), 1; *Rogers* v. *Lewis*, 19 Ind., 405; *Aurora* v. *Cobb*, 21 Ind., 492; *Willard* v. *Goodenough*, 30 Vt., 393; *Fisher* v. *Conway*, 21 Kansas, 25 (S. C., 30 Am. Rep., 419). The same principle is of course applicable where the evidence is in support of the good character of the defendant.

In *Teese* v. *Huntington*, 23 Howard (U. S.), 2, the Court said, viz.: "Such testimony undoubtedly may properly be excluded by the Court, when it applies to a period of time so remote from the transaction involved in the controversy as thereby to become entirely unsatisfactory and immaterial, and, as

he law cannot fix that period of limitation, it must necessarily be left to the discretion of the Court."

While this is true, if we can see there has been an abuse of this discretion, this Court will feel constrained to reverse. The conviction in this case was rested upon circumstantial evidence, which, although cogent and convincing, should have been viewed in the light reflected from the character of the defendant. It is in such cases that proof of character is of primal importance, as tending to counteract the force of incriminating circumstances. The defendant was before the Court not merely as a witness, but as the accused, and proof of character was important, not only to illustrate his credibility as a witness, but as a fact to be considered on the question of his guilt or innocence. The defendant, it is true, had lived in this community for six years, but by reason of his longer residence in another State, he had established a character there which he was entitled to prove in connection with the proof of his character in this State, as tending to show the improbability of his guilt. In our opinion, the depositions of the Wisconsin witnesses should have been admitted, and for this error the case is reversed and remanded for a new trial.